UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AHSSON SPRY,

    Plaintiff,

v.

PIERCE COUNTY, et. al.,

    Defendants.

No. C09-5097KLS

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (CITY OF LAKEWOOD and OFFICER SANDALL)

This matter comes before the Court on the City of Lakewood and Officer Sandall's Motion for Summary Judgment. Dkt. 6. This motion was filed shortly after removal to federal court and the Defendants have adopted, for purposes of this motion, the Plaintiff's factual assertions contained in his Amended Complaint. Dkt. 1. The Plaintiff filed his opposition to the motion (Dkt. 15) along with the Declaration of Kari M. Spry, the plaintiff's wife. Dkt. 16. The Defendants filed their Reply. Dkt. 18.

The Plaintiff's Amended Complaint asserts claims against a number of defendants. To date, only the City of Lakewood and Officer Sandall have appeared in this matter. The Plaintiff admitted in a letter to the Court (Dkt. 12) that as of May 19, 2009 he had not yet served the other listed defendants.

## CLAIMS

In his Amended Complaint, the Plaintiff asserts the following claims against these two

Order Granting Motion for
Summary Judgment
Page - 1

Defendants: violation of his Constitutional rights and conspiracy to violate his constitutional rights, as well as state law claims of defamation, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and a claim entitled "Quiet Enjoyment."

## UNDISPUTED FACTS

The only facts alleged in the Plaintiff's Amended Complaint that implicate the City of Lakewood and Officer Sandall occurred on May 10, 2007. Mr. Spry alleges that "after nearly being run off the freeway while driving home, Plaintiff was accosted by six to eight Pierce County Sheriff and Lakewood Police vehicles in his business parking lot for an alleged speeding ticket that occurred 4 miles away." He believes that the amount of police vehicles at this incident "was a clear attempt to humiliate and intimidate Plaintiff as he was a well known business owner in the complex."

In his Declaration, Officer Sandall provides additional uncontradicted facts regarding the incident on May 10, 2007. He was in his marked patrol car en route to training in Gig Harbor when he heard a radio call request for assistance from Deputy Wulick. The request was related to a traffic stop at the QFC located at Point Fosdick Road and Olympic Drive in Gig Harbor. As he was close to that location he drove into the parking lot where the traffic stop was taking place, stopped and exited his vehicle, and both listened to and observed the exchange that was taking place between Deputy Wulick and the individual who had been stopped. Office Sandall did not know the name of the individual who had been stopped nor did he have any interaction or conversation with that individual. Once that individual was given "what appeared to be a traffic infraction," Officer Sandall left the scene.

In addition, Stori Sanders, the Risk Manager for the City of Lakewood, filed a declaration (Dkt. 8) wherein she testified that the City of Lakewood has never received a Claim for Damages from the Plaintiff regarding the matters set forth in his Amended Complaint.

## PLAINTIFF'S REPLY

Mr. Spry filed a Reply to the Defendants' Motion for Summary Judgment. That reply contained statements that are not under oath and therefore do not comply with Fed. R. Civ. P. 56 (e)(2) which states that a party opposing a summary judgment "may not rely merely on allegations or denials in its own pleadings; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment

Order Granting Motion for
Summary Judgment
Page - 2

1  should, if appropriate, be entered against that party."

2  Mr. Spry did not file an affidavit or declaration setting forth any facts that contradict facts presented by the Defendants. He made assertions in his reply but it is clear, by the rule, that he cannot merely rely on those assertions. He has failed to present any facts which create a genuine material issue for trial with regard to these defendants.

Mr. Spry appears to rely on the assertion in his responsive pleading that Officer Sandall told him to "stop being an asshold." He also asserts that Officer Wulick was previously employed with the City of Lakewood as a police officer. As noted above, neither of these allegations are contained in a declaration or affidavit, are not made under oath and are therefore not evidence before the Court. However, even if they were properly before the Court, a single statement attributed to Officer Sandall is not sufficient to raise a material issue of fact regarding the issues before the Court. In addition, even if Officer Wulick was employed by the City of Lakewood as a police officer sometime in the past, it is unclear how that prior employment relates in any fashion to the Plaintiff's claims against these two defendants. This is true particularly in light of the fact that the Plaintiff's claims against Officer Wulick all relate to the time when he was apparently employed by the Pierce County Sheriff. The undersigned concludes that these two assertions, even if they were contained within an affidavit or declaration, would not be sufficient to create a material issue of fact that would preclude the grant of summary judgment.

Mr. Spry does suggest in his response that this summary judgment motion should not be decided as no discovery has been accomplished. He does not, however, comply with Fed. R. Civ. P. 56(f) as he has not provided the court with any specific reasons why he cannot present facts essential to justify his opposition to the defendants motion. He did supply a declaration of his wife but, as discussed below, that declaration is not relevant to the claims against Officer Sandall or the City of Lakewood. Also, as pointed out in their Reply, Mr. Spry obviously was present at the May 10, 2007 incident. It was this incident which forms the basis of his claims against Officer Sandall. If in fact Officer Sandall violated Mr. Spry's Constitutional rights, Mr. Spry would be in the position to place that information properly before the Court and he has failed to do so. He clearly feels that his rights have been violated but a reading of his materials suggests that his claims are directed to others who have not yet been served.

Therefore, if in fact there was a request by the Plaintiff to continue the Defendants Motion for

Order Granting Motion for
Summary Judgment
Page - 3

Summary Judgement, that request is denied as the Plaintiff has failed to present any information to the Court to support such a request.

## DECLARATION OF KARI M. SPRY

The only declaration filed by the Plaintiff in opposition to the Defendants motion is the Declaration of Kari M. Spry. Dkt. 16. In their Reply, the Defendants requested that this Court strike paragraphs, sentences and portions of sentences on the grounds that the information provided by Ms. Spry was not based on her first hand, testimonial knowledge and rather was clearly hearsay or conclusion (rather than fact). The Plaintiff is required to comply with Federal Rules of Civil Procedure 56(e) which requires that an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

Based on the Court's review of the Declaration it is clear that it does not comply with the Fed. R. Civ. P. 56(e). Mrs. Spry references many instances in her declaration that are not based on her personal knowledge but rather based on what others told her as it is clear she was not present during many of the events she describes. In addition, there are no facts contained in her declaration that are directed towards the City of Lakewood or Officer Sandall. In fact, Officer Sandall's name does not appear a single time in the Declaration nor does Mrs. Spry ever make mention of the City of Lakewood. There is no first hand, testimonial evidence provided by Mrs. Spry that in anyway contradicts the evidence presented by the Defendants and therefore her declaration does not create any material issue of fact which would preclude the granting of summary judgment as requested by these defendants.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp., v. Catrett,* 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita elec. Indus. Co. V. Zenith Radio Corp.,*

475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service In. V. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th cir. 1987).

## DISCUSSION

**1. Violation of Constitutional Rights.** While Mr. Spry asserts that he was subject to an unreasonable seizure in violation of his Constitutional rights, he has presented no facts to support that claim against Officer Sandall. As noted by the Defendant, "more than just presence at the scene" is required in order to trigger liability under 42 U.S.C. §1983. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). No facts have been present to this Court which would support a claim of unlawful or unconstitutional activity on the part of Officer Sandall. The Court is granting Officer Sandall's request to dismiss the Plaintiff's claims against him based on alleged violations of the Plaintiff's constitutional rights based on lack of proof.

**2. Municipal Liability.** A municipality, in this case the City of Lakewood, cannot be liable under 42 U.S.C. §1983 under the theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978). The City is therefore not liable to the Plaintiff based on any individual actions or inactions of Officer Sandall.

Further, there is nothing before this Court to suggest that the City of Lakewood had an unconstitutional custom or policy that was the moving force behind a constitutional violation. This is true particularly in light of the Court's conclusion that Officer Sandall, the only employee of the City of Lakewood at the scene on May 10, 2007, did nothing to violate the Plaintiff's Constitutional rights. Officer Sandall responded to a call for back up, observed what was occuring, made no decisions or recommendations regarding what should happen with Mr. Spry, and once Mr. Spry received a ticket officer Sandall left the scene. It is difficult to envision any unconstitutional policy or procedure or any type of deliberate indifference attributable to the City of Lakewood based on these facts.

The Court is granting the City of Lakewood's request to dismiss the Plaintiff's constitutional

violation claims against it for lack of proof.

**3. Commencing a State law claim.** RCW 4.96.020 governs claims for damages against all local governmental entities. Specifically the statute provides that "[n]o action shall be commenced against any local governmental entity for damages arising out of tortious conduct until 60 days have elapsed after the claim has first been presented to and filed with the governing body thereof." RCW 4.96.020(4). The Plaintiff is required to comply with this statute and it is undisputed that he has not filed a timely claim against the City of Lakewood. Failure to comply with the statutory filing requirements requires dismissal of the action. *Reyes v. City of Renton,* 121 Wn. App. 498, 86 P.3d 155 (Div. I, 2004). The Court is granting the Defendant City of Lakewood's request to dismiss the Plaintiff's claim based on his failure to comply with RCW 4.96.020.

**4. State law claims - Negligence, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress and "Quiet Enjoyment."** The Defendants ask this Court to dismiss the Plaintiff's state law claims on the merits even though the Plaintiff has failed to comply with R.C.W. 4.96.020. The Court is declining that request. R.C.W. 4.96.020 is clear that no action shall "commence" absent compliance with the claim filing procedure. Mr. Spry failed to comply with the claim filing procedure and dismissal for said violation is sufficient.

**5. Qualified Immunity.** In light of the fact that the Court found no Constitutional violations by Officer Sandall, there is no need to address the issue of qualified immunity.

**6. Attorney Fees pursuant to 41 U.S.C. ¶ 1988.** The Defendants requested an award of attorney fees pursuant to 41 U.S.C. ¶ 1988 in their Motion for Summary Judgment and again in their Reply. The Plaintiff did not respond to that request. Recognizing that the Plaintiff is representing himself pro se, the Court is reserving ruling on the request for attorney fees and directing the Plaintiff to file a Response to the Defendants request for an award of attorney fees. This Response is due on or before July 10th. The Defendants may file a Reply on or before July 17th. The issue regarding attorney fees will be noted on the Court's calendar for July 17th.

## CONCLUSION

The Defendants Motion for Summary Judgment (Dkt. 6) is **GRANTED** and the Plaintiff's claims against the City of Lakewood and Officer Sandall are hereby **DISMISSED.**

| | |
|---|---|
| 1 | With regard to the Defendants request for an award of attorney fees, the Plaintiff is directed to file |
| 2 | a Reply, that only addresses the request for attorney fees, which is due no later than **July 10, 2009**. The |
| 3 | Defendants may file a Response no later than **July 17, 2009**. The Clerk is directed to note the |
| 4 | Defendants' Motion for Award of Attorney Fees for **July 17, 2009**. |
| 5 | The Clerk is hereby directed to send the Plaintiff a copy of this Order Granting Motion for |
| 6 | Summary Judgment. |
| 7 | DATED this 18th day of June, 2009. |

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge