UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AHSSON SPRY,<br><br>            Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, *et. al.,*<br><br>            Defendants. | No. C 09-5097 KLS<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (CHIEF BRAD BLACKBURN and the FIFE POLICE DEPARTMENT) |

This matter comes before the Court on the Fife Police Chief Brad Blackburn and the Fife Police Department's (Fife Defendants) Motion for Summary Judgment. Dkt. 36. The Plaintiff has not filed a response.

**CLAIMS**

The Plaintiff's claim against the Fife Defendants, as alleged in his Amended Complaint, reads as follows:

> In February, 2008, Fife Police Department Chief Brad Blackburn sent an email to Plaintiff regarding a complaint Plaintiff made against an officer. The email was improper and retaliatory.

**UNDISPUTED FACTS**

The complaint sets forth no facts that support the conclusion that the "email was improper and retaliatory."

In his Declaration, Chief Blackburn provides uncontradicted facts regarding the email he sent to Mr. Spry. The complete content of the email is included in Chief Blackburn's Declaration (Dkt. 37). In addition, Aaron Gardner, the officer involved in the incident that formed the basis of the Plaintiff's complaint, provided his Declaration, under oath, which sets forth facts as to what occurred. The facts show that neither Officer Gardner nor Chief Blackburn did anything or failed to do something that could even remotely form the basis of a legal claim much less support a claim of violation of the plaintiff's constitutional rights.

In addition, it is uncontradicted that the Plaintiff failed to file a tort claim with the City of Fife and failed to property serve the Fife Defendants.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56 ( c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp., v. Catrett,* 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita elec. Indus. Co. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Service In. V. Pacific Electrical Contractors Association,* 809 F.2d 626, 630 (9th cir. 1987).

**DISCUSSION**

**1. Commencing a State law claim**. RCW 4.96.020 governs claims for damages against all local governmental entities. Specifically the statute provides that "[n]o action shall be commenced against any local governmental entity for damages arising out of tortious conduct until 60 days have elapsed after the claim has first been presented to and filed with the governing body thereof." RCW 4.96.020(4). The Plaintiff is required to comply with this statute and it is undisputed that he has not filed a timely claim with the City of Fife. Failure to comply with the statutory filing requirements requires dismissal of the Plaintiff's state law claims. *Reyes v. City of Renton,* 121 Wn. App. 498, 86 P.3d 155 (Div. I, 2004).

The Court is granting the Defendants motion to dismiss the Plaintiff's state law claims based on his failure to comply with RCW 4.96.020

**2. Failure to State a Claim**. The Fife Defendants also assert that the Plaintiff's Amended Complaint should be dismissed as to them for failure to state a claim upon which relief may be granted. The Court agrees. There is nothing alleged in the complaint and no facts provided in the complaint that support any violation of law by either Chief Blackburn or the Fife Police Department.

The claims against the Fife Defendants must be dismissed for failure to state a claim.

**3. Summary Judgment.** It is clear that the Fife Defendants are entitled to a summary judgment order dismissing the Plaintiff's claims as to them. The undisputed facts before this Court show that the named Fife Defendants did nothing to violate any constitutional rights of the Plaintiff. It is also abundantly clear that there are no facts before the Court to support any type of civil claim against the Fife Defendants. Officer Gardner did nothing that in any way was illegal, unconstitutional or inappropriate. Chief Blackburn's reply was made after a full investigation and his response was more than appropriate in light of the facts he learned during his investigation. The Court concludes that the Plaintiff's claim is unfounded, unreasonable, frivolous and meritless.

The claims against the Fife Defendants are, therefore, dismissed with prejudice.

**6. Attorney Fees pursuant to 41 U.S.C. ¶ 1988.** The Defendants requested an award of attorney fees pursuant to 41 U.S.C. ¶ 1988 in their Motion for Summary Judgment and again in their Reply. The Plaintiff did not respond to that request. Based on the Court's conclusion that the Plaintiff's claims against the Fife Defendants are "unfounded, unreasonable, frivolous and meritless" the Court is granting

the Fife Defendants' request for an award of reasonable attorney fees. The Fife Defendants shall file and note the necessary and appropriate documentation supporting their request for fees.

## CONCLUSION

The Defendants Motion for Summary Judgment (Dkt. 36) is **GRANTED** and the Plaintiff's claims against **Chief Blackburn** and the **Fife Police Department** are hereby **DISMISSED WITH PREJUDICE.**

With regard to the Defendants request for an award of attorney fees, the Defendants shall file and note the appropriate documentation which supports their request for attorney fees. The Plaintiff may file a Reply, which only addresses the request for attorney fees, within the time provided by the applicable federal civil rules.

The Clerk is hereby directed to send the Plaintiff a copy of this Order Granting Motion for Summary Judgment.

DATED this 19th day of January, 2010.

Karen L. Strombom
United States Magistrate Judge